

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 9, 1974

The Honorable Hugh C. Yantis, Jr.
Executive Director
Texas Water Quality Board
P. O. Box 13246 Capitol Station
Austin, Texas   78711

Opinion No. H- 275

Re: Authority of the Texas Water
Quality Board to pay for certain
travel and training programs and
to subcontract training.

Dear Mr. Yantis:

You have asked several questions about the authority of the Texas
Water Quality Board. Your first question concerns the Board's authority
to pay the travel expenses of its employees in certain situations. Apparent-
ly the Board is often asked by private citizen groups to furnish speakers
to explain water pollution laws and regulations. The Board willingly
satisfies such requests in the belief that these private groups can be of aid
to it in implementing the policy of the Texas Water Quality Act, § § 21.001,
et seq., Water Code, ·V. T. C. S. The Board also sends its employees to
various locations around the state in order to conduct seminars for city
officials who are developing and implementing water pollution control and
abatement plans. You ask whether the Board may reimburse its employees
for the travel expenses incurred during these speaking engagements.

The Water Quality Board's appropriation for fiscal years 1974 and
1975 does include funds to be used for the payment of travel expenses.
General Appropriations Act (Acts 1973, 63rd Leg., ch. 659, p. 1786 at
p. 2047). The Appropriation Act's General Travel Regulations provide:

> ". . . Travel expenses may be reimbursed
> from the appropriations made in this Act only
> where the purposes of travel performed are
> clearly for the conduct of the State's official
> business and in consonance with the legal

responsibilities of the agency of the State
represented." Appropriations Act, supra,
p. 2203.

Thus an employee of the Water Quality Board may be reimbursed for his travel expenses only if the trip in question was undertaken to conduct state business made the responsibility of the Board.

The Texas Water Quality Act is administered by the Water Quality Board, and its purpose is:

"It is the policy of this state and the purpose
of this chapter to maintain the quality of water in
the state consistent with the public health and enjoy-
ment, the propagation and protection of terrestrial
and aquatic life, the operation of existing industries,
and the economic development of the state; to encour-
age and promote the development and use of regional
and area-wide waste collection, treatment, and
disposal systems to serve the waste disposal needs
of the citizens of the state; and to require the use of
all reasonable methods to implement this policy."
§ 21.002, Water Code, V.T.C.S.

In achieving the purposes of the Act, the Board is instructed to cooperate as follows:

"The board shall:

"(1) encourage voluntary cooperation by the
people, cities, industries, associations, agricul-
tural interests, and representatives of other
interests in preserving the greatest possible utility
of water in the state;

"(2) encourage the formation and organization
of cooperative groups, associations, cities, industries,

and other water users for the purpose of pro-
viding a medium to discuss and formulate plans
for attainment of water quality control;" § 21. 067,
Water Code, V. T. C. S.

Section 21. 061 of the Act provides:

"The board shall administer the provisions
of this chapter and shall establish the level of
quality to be maintained in, and shall control the
quality of the water in this state as provided by
this chapter. . . . The board has the powers
and duties specifically prescribed by this chapter
and all other powers necessary or convenient to
carry out its responsibilities. " § 21. 061, Water
Code, V. T. C. S.

In order to satisfy its obligation imposed by these statutes to
encourage private groups to become involved in water quality control,
the Board in our opinion is authorized to make its employees available
for speaking engagements and seminars on that subject.  While on such
assignments,  Board employees would be conducting state business for
which the Board is made responsible by these statutes, viz, the dissemi-
nation of water pollution control information.  Since the purpose of the
speaking engagements is to conduct state business, the Board is autho-
rized by the Appropriation Act's Travel Regulations to reimburse its
employees for the travel expenses incurred while on them.

Your second question concerns certain training programs conducted
by the Board.  The Board has contracted with various federal agencies for
funds to be used to train sewage treatment plant operators.  Training
schools have been set up in different cities in the state, and staff members
have been sent to supervise and participate in these schools. You ask
whether the Board is authorized to conduct such training programs and
whether it may reimburse its employees for travel expenses incurred
while participating in the programs.

In addition to the statutory provisions set out above, § 21.087 of the Water Quality Act provides:

> "The Board may execute agreements with the Department of the Interior, the Federal Water Pollution Control Administration, or any other federal agency that administers programs providing federal cooperation, assistance, grants, or loans for research, development, investigation, training, planning, studies, programming, and construction related to methods, procedures, and facilities for the collection, treatment, and disposal of waste or other water quality control activities. The board may accept federal funds for these purposes and for other purposes consistent with the objectives of this chapter, and may use the funds as prescribed by law or as provided by agreement." § 21.087, Water Code, V.T.C.S.

Furthermore the Board's appropriations for fiscal years 1974 and 1975 set aside to it any funds provided by a federal agency. General Appropriations Act, supra, p. 2049.

Under the authority conferred upon it by § 21.087, the Board clearly can contract with federal agencies for funds to be used to conduct training programs for sewage treatment plant operators. Because such programs are authorized, the Board is also authorized by the Appropriation Act's Travel Regulations to reimburse its employees for the travel expenses incurred while participating in the programs.

Your third and final question is whether the Board is authorized to subcontact with other state agencies to conduct training programs for sewage plant operators.

Section 21.068 of the Water Quality Act provides that the Board may make contracts and execute instruments that are necessary or convenient to the exercise of its powers or the performance of its duties.

Even more pertinent is § 21.031 (b) which states:

> "(b) The executive director shall employ
> the staff authorized by the board.  In addition to
> its own staff, the board may by interagency contract
> utilize, and upon the request of the board  shall
> receive, the assistance of any state-supported edu-
> cational institution, experimental station, or other
> state agency. " § 21.031 (b), Water Code, V. T. C. S.

Under the authority of these provisions, the Board can subcontract with other state agencies for the performance of its training programs.

## SUMMARY

> The Texas Water Quality Board is authorized:
> (1) to reimburse its employees for travel expenses
> incurred in disseminating information concerning
> water pollution and its control, (2) to contract with
> federal agencies for funds to be used to conduct train-
> ing programs for sewage treatment plant operators,
> and (3) to subcontract with other state agencies for
> actual performance of the training.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED

Larry F. York, First Assistant

David M. Kendall, Chairman
Opinion Committee